Franklin v. Colley.

All the Justices concurring.

---

ANN FRANKLIN, *et al.*, v. LOU COLLEY.

1. RESULTING TRUSTS; *Parol Agreements relating to Lands; Statute of Frauds.* While § 8 of the act concerning conveyances, §§ 5 and 6 of the act relating to frauds and perjuries, and § 1 of the act concerning trusts and powers, make void every *parol agreement* which attempts to create an estate in lands, yet said sections do not make void an estate which results from, or which is created by, operation of law.

2. ———— When it is made to appear that, by agreement, and without

any fraudulent intent, the title to real property is made to or shall vest in one person, and that such person was to hold said land, or some interest therein, for the use and benefit of the party paying the purchase-money, or some part thereof, the law implies a trust in favor of the latter party, and the person so holding such title will be declared a trustee, and will be decreed to execute a conveyance of the land or interest so held to the party equitably entitled to the same. And in such case the said "agreement" need not, nor need any part thereof, be in writing. Section 1 of ch. 114 of Gen. Stat., relating to Trusts and Powers, providing that "no trust concerning lands" "shall be created unless in writing," expressly *excepts* "such as may arise by implication of law."

3. POSSESSION, *by Plaintiff, not Necessary.* Where a party brings an action to establish the existence of a trust, and to compel a conveyance, it is not necessary that the plaintiff should be in possession of the property at the time the suit is commenced.

### *Error from Wyandotte District Court.*

ACTION to establish the existence of a trust, and to compel a conveyance of real property. The facts and proceedings are sufficiently stated in the opinion. The district court, at the October Term 1871, found in favor of *Colley*, plaintiff below, and gave judgment establishing the trust, etc. The decree, after the title, caption, etc., is as follows:

"And thereupon it is by the court considered and adjudged that the said Lou Colley is entitled to the said one undivided moiety of the said lands and tenements, and said defendant Ann Franklin holds the title to said undivided moiety in trust for the said plaintiff; and it is further ordered, adjudged, and decreed that the said defendants Ann Franklin and Stephen Franklin make, execute, acknowledge, and deliver, within ten days to said plaintiff a good and sufficient deed, conveying to said plaintiff, her heirs and assigns, the said undivided moiety of said lands and tenements; and in default thereof that this decree stand and operate, at law and in equity, as such conveyance."

New trial refused; and the defendants now bring the case here on error.

*D. B. Hadley*, for plaintiffs in error:

The petition filed in the district court showed two facts: 1st, The plaintiff Colley was not in possession, either by her-

self or tenant, of the real estate, and had not been for a long time previous to bringing suit to determine the adverse interest of Ann and Stephen Franklin. 2d, Said Colley claimed upon a parol contract to create an express trust.

1. Colley must be in possession to enable her to bring this form of an action. Civil code, § 594; Gen. Stat., ch. 43, § 5; 5 Kas., 263, 402. She might have brought an action in ejectment under § 595 of the code.

2. The action cannot be maintained, because an express trust cannot be created by parol, but must be in writing, signed by the party creating the same. Gen. Stat., 1096, ch. 114, § 1. The petition set out that half the purchase-money was paid for the two lots by Colley; but by her express agreement, consent, and knowledge the deeds were taken in the name of Ann Franklin in *trust* for Lou Colley. It should have set out the agreement to be *in writing*. Hence the demurrer should have been sustained. Hill on Trustees, 61; *Walker v. Locke*, 5 Cush., 91. The exception to the rule laid down in § 6 of the act concerning trusts and powers, Gen. Stat., 1097, contained in the last clause of § 8 same act, does not relate to *parol* "agreements," but must relate to a *written* "agreement" as specified in the first section of said act. *Simpson v. Mundee*, 3 Kas., 172; 3 Paige, 478; 3 Cowen, 537; Story's Eq. Pl., §§ 763, 766.

The opinion of the court was delivered by

VALENTINE, J.: The facts in this case are in brief as follows: Ann Franklin and Lou Colley, both being females, and unmarried at that time, jointly purchased two lots in the city of Wyandotte, each furnishing an equal portion of the consideration; but by a parol agreement, and without any fraudulent intent, they had the deed made to Ann Franklin alone so that she might hold the property until Lou Colley became of age. They took possession of the property jointly, built a house thereon, and both resided in the house until Ann Franklin dispossessed Lou Colley, when the latter commenced this action for the purpose of having Ann Franklin declared

to be a trustee holding an undivided-half of the two lots in trust, for said Lou Colley, and to have judgment requiring the said Ann to execute a deed for the said undivided-half of said lots to her the said Lou. Stephen Franklin is now and was at the commencement of the suit the husband of said Ann. The trial in the court below was before the court without a jury. The findings and judgment were for Lou Colley, and the Franklins now bring the case to this court for review.

The plaintiffs in error claim that this action cannot be maintained because, "First, The plaintiff Colley was not in possession, either by herself or tenant, of the real estate, and had not been for a long time previous to bringing suit to determine the adverse interests of Ann and Stephen Franklin. Second, She claimed upon a parol contract to create an express trust." And the plaintiffs in error also claim that "the court erred in permitting testimony to be introduced of a parol agreement." This is not a mere action to quiet title or possession, and it is not therefore necessary that the plaintiff below, Lou Colley, should have been in possession of the property in order to maintain the action. And we suppose that there can be no question under the facts of this case but that Lou Colley is entitled to the undivided-half of said lots; that Ann Franklin is merely a trustee of hers for the same; and that she can maintain this action unless the rules of equity have in this respect been changed by our statutes. We think the rules of equity have not been changed by statute so far as they affect this particular case. It has already been decided in this court that "While §8 of the act concerning conveyances, (Gen. Stat., 186,) §§5 and 6 of the act relating to frauds and perjuries, (Gen. Stat., 505,) and §1 of the act concerning trusts and powers, (Gen. Stat., 1096,) make void every parol agreement which attempts to create an estate in lands, yet said sections do not make void an estate which results from, or which is created by, operation of law." *Moore v. Wade*, 8 Kas., 380, 387. (The sections of the Compiled Laws of 1862 corresponding to the foregoing are as follows: page 354, §7; page 569, §§4 and 5; page 897, §1.)

Mere words can no longer under our statutes create a trust unless such words be in writing. But so far as the foregoing statutes are concerned trusts may still be created by operation of law, (not a word being in writing,) as freely as ever. None of the foregoing statutes are intended to operate as a limitation, restriction, or prohibition upon the creation of what are known as resulting trusts, implied trusts, or constructive trusts. Such statutes are simply intended (so far as they apply to trusts) as a limitation or restriction upon the creation of express trusts. Of course a parol agreement of itself cannot under our statutes create a trust; but it often happens when a trust is created by operation of law that there is also a parol agreement attempting to create just such a trust. Now the law does not create the trust because of such parol agreement, but it creates the trust because of other facts in addition to or aside from such parol agreement. The parol agreement of course does not retard, impede, or hinder in the creation of such trusts; but if it affects the trust at all it assists in its creation. A resulting trust may often be created in accordance with a parol agreement, but such a trust could probably never be created against the agreement, parol or otherwise, of the parties. Sec. 6 of the act concerning trusts and powers, (Gen. Stat., 1097; Comp. Laws, 897,) is a restriction or limitation upon the creation of resulting trusts, and of resulting trusts only. And if it were not for the latter part of § 8 of the same act the trust in the case at bar would be absolutely prohibited. But by the latter part of said § 8, this kind of trust is still permitted and authorized. So much of the act concerning trusts and powers as will throw light upon the question now under consideration is as follows:

"SEC. 1. No trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same, or by his attorney thereto lawfully authorized in writing."

"SEC. 6. When a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter;

but the title shall rest in the former, subject to the provisions of the next two sections."

"Sec. 8. The provisions of the section next before the last shall not extend to cases,   *   *   *   when it shall be made to appear 'that by agreement, and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land, or some interest therein, in trust for the party paying the purchase-money, or some part thereof." (Gen. Stat., 1096, 1097; Comp. Laws, 897, 898.)

In the present case there was no fraudulent intent when the lots were purchased and the deed made, and there was no fraudulent intent on the part of Lou Colley at any time. Therefore we think the latter part of said § 8 applies to this case. But it is claimed on the part of the plaintiffs in error that the word "agreement," used in the latter part of said § 8, means an agreement in writing, and therefore that this section does not apply to this case. This claim is made simply upon the ground that said § 1 requires that all agreements creating express trusts shall be in writing, and plaintiffs in error contend that this is an express trust, and void because not in writing. It is not an express trust; it is an implied trust—a trust implied by law from the acts, conduct, and words of the parties. Section 1 above quoted, while requiring all express trusts relating to land to be in writing to be valid as "express trusts," distinctly recognizes the doctrine that such trusts "as may arise by implication of law" need not be in writing. Section 8 above quoted applies exclusively to implied or resulting trusts. And as § 8 does not require that the agreement shall be in writing it is very clear that there is no necessity that it should be in writing. The judgment of the court below must be affirmed.

All the Justices concurring.