ABRAHAM NEWELL V. JESSE NEWELL.

1. AMENDING PETITION; *Changing the Action.* Where a plaintiff files his petition setting up that he is in possession of certain real estate, that he holds the equitable title thereto, that the defendant holds the legal title thereto, but that he holds it in trust for the plaintiff, and asks to have the defendant compelled to convey the legal title to himself, the court does not err by allowing him to amend his petition so as to make it an ordinary petition in an action to quiet title to the same land and against the same defendant.

2. TRUST; *Legal Title Acquired by Fraud.* Where the defendant by false and fraudulent representations obtained a deed of conveyance from the plaintiff, but never paid anything for the property conveyed, and the plaintiff afterward placed the defendant in as good a condition as he was before the conveyance, and in the same condition, it is not error for the court to hold, when asked to do so by the plaintiff, that the defendant holds the legal title to the property conveyed in trust for the plaintiff, and to render judgment in favor of the plaintiff for the title to said property.

*Error from Jefferson District Court.*

ACTION by defendant in error to establish a trust, and compel plaintiff in error to reconvey. The land in controversy was a fractional quarter-section in Jefferson county. By amendment of the petition the action was converted into an action to quiet title. It appeared from evidence that in 1861 the defendant in error was the owner in fee of the land in question, and he then and ever since has occupied the same with his family as a homestead; that he conveyed said land to plaintiff in error, his son, by deed, in February 1863. Other facts are stated in the opinion. Trial at the May Term 1870. The decree is as follows:

(*Title.*) "This cause having been duly heard, and the findings of the court having been filed, whereby the court finds for the plaintiff and against the defendant, now therefore, on motion of the plaintiff it is adjudged and decreed that the said Jesse Newell is the owner and in possession of the land and premises described in the pleadings herein, to-wit, (*describing the land;*) and it is further adjudged and decreed, that all claims of the defendant Abraham Newell to

said land and premises be henceforth held for naught, and that the said defendant be forever enjoined, restrained and forbidden from making any sale, conveyance or incumbrance of said land and premises, or any part thereof, except such as is directed by this judgment; and that said defendant, within thirty days from this date, make, execute, acknowledge and deliver to the said plaintiff, Jesse Newell, a deed, conveying any and all interest of said Abraham Newell in said land and premises, with the appurtenances thereof, to the said Jesse Newell; and in case the said defendant fails to make said conveyance, as required by this judgment, then this judgment or decree shall stand and operate, both at law and in equity, as such conveyance, and shall have the same operation and effect as if said conveyance had been executed conformably to this judgment. It is further considered and adjudged, that the plaintiff recover of and from the defendant his costs in this action, to be taxed."

From this decree the defendant appealed, and brought the case here on error.

*J. B. Johnson,* and *J. Safford,* for plaintiff in error. No brief on file.

*John W. Day, Clough & Wheat,* and *Ross Burns,* for defendant in error, contended that there was no error in permitting the filing of the amended petition, and cited § 140 of the civil code; 6 Cushing, 519; 7 Pick., 220; 12 N. H., 74; 17 Penn. St., 518; 3 Estee's Pl. and Forms, 293, 298. They also contended that as the property was conveyed to plaintiff in error in trust, to hold as agent, and to sell to pay debts, etc., those debts having been paid, he should now reconvey—citing 1 How., 126; 22 Texas, 708; 21 Cal., 93; 6 Watts, 540; and parol evidence is admissible to show that said conveyance was in trust for payment of the debts, etc., 36 Cal., 28; 7 Cranch, 238; 1 Johns. Ch., 167; 5 Blackf., 361; 19 How., 299; Hill on Trustees, 3d Am. ed., 165, (original ed., 107, 108.) If it is contended that Jesse Newell conveyed the premises in controversy to Abraham Newell with intent to hinder, delay and defraud his creditors, the answer is, that as the property conveyed was the *homestead* of said Jesse,

and not subject to levy and sale under execution, it was *no fraud* upon creditors to thus convey said property: § 9 of art. 15, Const.; 3 Kas., 123, 390; 11 Wis., 114; 4 Metc., 490; 1 Story's Eq. Jur., § 367; 2 Head, 514.

The opinion of the court was delivered by

VALENTINE, J.: Jesse Newell was plaintiff in the court below and Abraham Newell was defendant. The principal object of the action was to obtain a judicial determination that the plaintiff had a better right to a certain piece of real estate than the defendant, and to obtain a decree in favor of the plaintiff for the title thereto. The plaintiff filed his petition setting up that he was in the possession of said real estate, that he held the equitable title thereto, that the defendant held the legal title thereto, but that he held it in trust for the plaintiff, and asked to have the defendant compelled to convey the legal title to himself. The defendant answered, and the plaintiff replied. The plaintiff then with leave of the court amended his petition so that the action was really converted into an action to quiet the title to said premises in favor of the plaintiff and against the defendant. The defendant excepted to the ruling of the court allowing said amended petition to be filed, and now assigns the same for error. We perceive no error however in such ruling.

The defendant afterward answered to said amended petition, and the plaintiff replied. The parties then proceeded to trial before the court without a jury. The court made special findings of fact and of law. The most of the findings of fact are unquestionably sustained by the evidence. All of them are sustained by some evidence. And not one of them so lacks evidence to sustain it that we can set it aside or grant a new trial therefor. It seems from the record that Jesse Newell the plaintiff is the father of Abraham Newell the defendant; that in 1861 the plaintiff was in debt; that he was about to enter the military service of the United States; and that he desired before doing

so to make some provision for the payment of his debts.  He finally conveyed some or all of his property, real and personal, to his son Abraham, with the parol understanding and agreement that Abraham would sell a sufficient amount thereof to pay said debts, and would then reconvey the balance thereof to his father.  Some of said property was sold, and with the proceeds thereof and with money obtained by the plaintiff all of said debts were paid.  The property in controversy was a portion of the property conveyed by the plaintiff to the defendant.  The property in controversy was at the time it was so conveyed, and has been ever since, in the possession of the plaintiff and occupied by himself and family as a homestead.  No part of the same was sold to pay said debts, and the legal title thereto still remains in the defendant. And although the defendant should now reconvey the title to said property to his father, in accordance with their parol agreement and understanding, yet he refuses to do so, and claims the property as his own.  The court below, among other things found as follows:

" 9th.  That the defendant, Abraham Newell, fraudulently and designedly induced plaintiff, by false and fraudulent representations that he would faithfully act as agent of said plaintiff, to execute to him the said conveyance of the land in controversy, with the fraudulent intent not to reconvey said land to said plaintiff, as was then and there agreed upon between them as aforesaid.

" 10th.  That the defendant, Abraham Newell, at the time of the execution of the conveyance aforesaid by plaintiff to him said defendant, received said conveyance and accepted said agency, with the fraudulent intent and design of retaining said land as his own, and with the fraudulent intent not to reconvey said land to said plaintiff as was then and there agreed between them as aforesaid."

Now as the defendant obtained said conveyance from the plaintiff by false and fraudulent representations, we suppose we should hold the same void as between the parties when asked to do so by the innocent party ; for fraud vitiates everything it touches.  Or at least we should hold that the party who obtained the conveyance fraudulently holds the legal

title to the property in trust for the other party, and should surrender the same whenever called upon to do so by such other party. The defendant holds nothing but the bare naked legal title. He never had possession of the property. He never paid anything for it. The debts of the plaintiff have all been paid. And the defendant has been amply paid for all his services for the plaintiff. It is true, the defendant gave his promissory notes for the property at the time the conveyance was made. But it was understood and agreed between the parties that the notes should never be paid, and they never have been paid, but on the contrary they have been surrendered to the court below for the benefit of the defendant. The notes were probably given by the defendant as a partial covering for the fraud he was then intending and attempting to perpetrate. The defendant has lost nothing, and has been placed in as good a condition as he was before the conveyance was made, and in the same condition. We therefore think that the judgment of the court below, declaring that the title of the plaintiff was paramount to that of the defendant, and decreeing title to the plaintiff, should be affirmed.

This case differs from the case of *Morrall v. Waterson*, 7 Kas., 199, in at least two respects. In this case the deed was obtained fraudulently; in that it was not. And in this case the deed was executed for the purpose of enabling the grantee to sell the property, and thereby *to pay certain debts;* in that case no such purpose was disclosed. It is possible that the judgment of the court below might be sustained even if said deed had not been procured by fraud; but we do not now wish to so decide. The consideration of any deed may be inquired into, not for the purpose of invalidating the deed, but for the purpose of ascertaining rights founded upon the particular consideration, and upon other and extrinsic circumstances. Thus, the real consideration along with other circumstances may be inquired into and may render a deed absolute upon its face a mortgage. (*Moore v. Wade*, 8 Kas., 381, 387.) Or, such consideration and other circumstances .

connected with a deed absolute upon its face, given to a surety, may give a co-surety, or the creditor, an equitable lien on the property conveyed, and render said surety a trustee for his co-surety and creditor. (*Seibert v. Thompson*, 8 Kas., 65; *Seibert v. True*, 8 Kas., 52.) Or, such consideration and other circumstances connected with a deed given to one person may create a resulting trust in favor of another person not mentioned in the deed. (*Franklin v. Colley*, 10 Kas., 260.) And such consideration and other circumstances may be shown by parol evidence.

Judgment affirmed.

All the Justices concurring.