## ENOCH WEEKLY v. J. D. ELLIS.

CONTRACT *as to Land; Trustee, to Account.* Where the plaintiff entered into a contract with one K. for the purchase of certain real estate, for which he was to pay $800 in cash and assume a mortgage of $400 which was then a lien upon the land; and $800 was paid to K. on the purchase of the premises, which was the money of the plaintiff procured from one W. as a loan; and where, by agreement, W., to secure himself, took the deed in his own name, and was to use and occupy the premises in place of receiving any interest for the money so loaned by him, until the plaintiff should sell some cattle in which he had his money invested and from the proceeds repay W.; *held,* that W. became thereby a trustee for the plaintiff. And where the plaintiff in a reasonable time after the execution of the deed to W., and before the commencement of his action, sold his cattle and realized the money therefrom to pay W., and

tendered to W. the money procured from him as a loan, and requested him to convey the land to him according to the agreement, and W. instead of so doing, in violation of his agreement and without the knowledge or consent of the plaintiff, conveyed the land to another party and received the consideration therefor, and converted the same to his own use, *further held*, that W. is bound to account to the plaintiff for all the money so received for the land, less the mortgage and the $800 loaned by him.

### *Error from Clay District Court.*

ACTION brought by *Ellis* against *Weekly*, to recover the sum of $800, with interest at seven per cent. per annum from March 26, 1883, and to establish a trust in the s.½ of the n.e.¼ of sec. 29, in township 9, south, of range 1, east, situate in Clay county. Trial at the May Term, 1883, and verdict for plaintiff for $345. New trial denied, and judgment accordingly for plaintiff. Defendant brings the case here. The opinion states the facts.

*Anthony & Kellogg*, for plaintiff in error.

*Harkness & Godard*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The question presented to this court is as to the sufficiency of the petition of the plaintiff below, raised by objection to the introduction of any evidence under the petition. The contention is that the petition, taken as a whole, does not allege facts from which a trust may be implied. It is assumed against the petition that the money or consideration paid for the real estate described therein belonged to the defendant below, and that there was no consideration passing to him for the $800 paid as purchase money. It is also said that there is nothing in the petition indicating that the plaintiff below ever obligated himself to repay the defendant the said $800.

We think that these assumptions are unsustained. The petition alleges that the plaintiff entered into a contract with one Kress for the purchase of the real estate, and agreed to pay Kress therefor $800 in cash, and to assume the payment

of a mortgage of $400, which was then a lien upon the land.
By a subsequent agreement the plaintiff contracted with the
defendant that the latter was to advance and loan to him the
$800 with which to purchase the land, and to secure the
money so loaned, and to indemnify the defendant for the use
of the money, it was agreed between them that the deed to
the land should be taken in the name of the defendant, in
trust, however, for the plaintiff, and that the defendant should
enter into the possession of the premises and occupy the same
until the plaintiff should sell some cattle belonging to him,
when he was to repay the $800 so loaned, and the defendant
was to convey to him the land, subject to the mortgage
thereon. Afterward, in accordance with this agreement,
without any fraudulent intent, the land was conveyed to the
defendant.

Under these allegations, the consideration for the purchase
of the premises was the money of the plaintiff, procured
from the defendant as a loan, and the defendant accepted the
occupancy and use of the premises, for a time, as the consid-
eration of the loan, in lieu of receiving or demanding interest
therefor. In the absence of an agreed and stated time in
which the plaintiff was to realize the money from the sale of
his cattle to repay the $800, the law would construe that he
was to sell his cattle within a reasonable time; therefore as
the defendant took the deed in his own name, by agreement
with the plaintiff, he became thereby a trustee for the plain-
tiff. (*Overstreet v. Baxter*, ante, p. 55; *Franklin v. Colley*,
10 Kas. 260; *Boyd v. McLean*, 1 Johns. Ch. 582.)

As the plaintiff, within a reasonable time and before the
commencement of this action, realized the money out of his
cattle by the sale thereof, and tendered to the defendant the
$800 procured from him as a loan, and requested him to con-
vey the land according to the agreement; and as the defend-
ant, in violation of his trust and without the knowledge or
consent of the plaintiff, wrongfully conveyed the land to an-
other party and converted the money received therefor to his
own use, he was bound to account to the plaintiff for the

money so received by him from the sale of the property, less the mortgage thereon, and the $800 loaned by him.

In our opinion the petition is sufficient, and the objection to the introduction of evidence was properly overruled.

The judgment of the district court will be affirmed.

All the Justices concurring.