EMMA B. FOUNTAIN, ETC., v. J. F. KENNEY *et al.*

No. 13,052.  ( 72 Pac. 392.)

Error from Lyon district court; O. L. MOORE, judge *pro tem.*  Opinion filed April 11, 1903.  Reversed..

*Allen & Allen,* for plaintiff in error.

*Graves & Hamer,* and *Kellogg & Madden,* for defendant in error C. E. Sprague.

*Per Curiam :* In a proceeding to foreclose mortgages on an ice plant E. B. Foulks intervened, alleging that the mortgaged property which had been purchased by J. F. Kenney, one of the mortgagees, was owned by her, and that a deed to the property was obtained from her by C. D. Flint and D. P. Smith through fraudulent representations and without the payment of a dollar; further, that Flint and Smith, who had only been acting for her, transferred the property to Kenney by quitclaim deed for a small consideration which they retained.  Involved in the case was a settlement of accounts between parties from whom Foulks obtained the plant.  The case was sent to a referee who found that the representations and promises made by Flint and Smith, and by which they obtained the deed from her, were false and fraudulent and were made with the intent to cheat and defraud her and were the consideration to her for the transfer of the property.  The trial court, upon the written testimony preserved in the report of the referee, struck out the finding of fraud, although the evidence, which in the main is uncontradicted, is abundantly sufficient to sustain it.  The testimony is presented to this court in the same form as it was to the district court, and hence we have the same opportunity which that court had to determine its force and effect.  The finding as to fraud was material to the case and the setting aside of the same, supported as it was by testimony, is prejudicial error. ( *Newell v. Newell,* 14 Kan. 202; *Douthitt v. Applegate,* 33 id. 395, 6 Pac. 575, 52 Am. Rep. 533; *Green v. Green,* 34 id. 740, 10 Pac. 156, 55 Am. Rep. 256; 14 A. & E. Encyl. of L., 2d ed., 51.)

The finding was made by the referee that Kenney bought the property of Flint and Smith after making inquiries of a number of persons connected with the plant and the transaction, and believed from what he learned that the sale was *bona fide* and that Flint and Smith were the actual owners of the property, and that, relying upon this belief,

he dismissed his foreclosure proceeding, believing that his mortgage had merged into the title purchased. This important finding was unsupported by the testimony and the trial court so held and struck it out. A finding of this character, as well as some other matters that are in the report, and which have no support in the testimony, to a certain extent discredits all the findings made. There is some testimony tending to show good faith on the part of. Kenney, as, for instance, the circumstance that when he made application to Foulks for payment of the notes she told him she had just sold the plant to Flint and Smith. In view of the fact, however, that findings pertaining to his good faith are without support and were stricken out, and because of the erroneous ruling, setting aside the finding that the deed from Foulks to Flint and Smith was obtained by fraud, a new trial should be had. For this purpose the judgment will be reversed and the cause remanded.