[Civ. No. 2369., First Appellate District.—May 14, 1918.]

HENRY HEITMAN, Respondent, v. ALICE M. CUTTING, Appellant.

TRUST—GIFT OF MONEY FOR BENEFIT OF THIRD PARTY.—Where a person during his last illness, upon discovering that he had unintentionally omitted to remember a servant in his will, directed his son, who had a power of attorney authorizing him to sign checks in the name of his father, to draw one thousand dollars from the bank and give it to his wife for such servant, and the son on the same day drew a check in the name of his father on the bank and mailed it to another bank together with a letter containing instructions to place the same to the account of the wife, and the wife was thereafter informed of what had been done, a transfer of a present, immediate, and indefeasible title to the money in favor of the servant was thereby created.

ID.—IMPLIED ACCEPTANCE OF TRUST.—Under such circumstances, a tacit acceptance of the trust by the wife is implied from silence.

ID.—NECESSITY FOR TRUSTEE—EQUITY.—Equity will never allow a trust to fail for want of a trustee.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

A. J. Treat, for Appellant.

Gerald C. Halsey, and Halsey L. Rixford, for Respondent.

KERRIGAN, J.—This action was brought to recover one thousand dollars, which sum, it is claimed, was received by defendant in trust for plaintiff. Judgment was for plaintiff, from which defendant appeals.

The facts are as follows: Plaintiff was for many years the gardener and coachman of one Francis Cutting, deceased, and was unintentionally omitted by Cutting from any benefits under his will. On September 27, 1913, Mrs. Francis Cutting telephoned to her stepson, F. P. Cutting, that his father was ill in bed and desired to see him. Francis Cutting at this time was blind, seventy-nine years old, and had been ill for some months. Upon the son's arrival Mrs. Cutting informed him that his father was very much distressed because he had not remembered his coachman, Henry Heitman, in his will. After greeting his sick parent, there was a short conversation between father and son, in which Francis Cutting, the father, ordered his son to draw the sum of one thousand dollars from the bank "and give it to her for him." Appellant was in the room at the time, close to her husband's bedside. The son was instructed to attend to it at once, and promised to do so. For some weeks prior to the death of Francis Cutting, and owing to his blindness, the son had a power of attorney authorizing him to sign checks on the American National Bank of San Francisco in the name of his father. After receiving these instructions, F. P. Cutting went to San Francisco the same morning and drew a check in the name of Francis Cutting on the American National Bank in the sum of one thousand dollars, and mailed the same to the First National Bank of Oakland, together with a letter containing instructions to place the same to the account of Mrs. Cutting. That evening he informed her of what he had done. The check was credited to the account of Mrs. Cutting, and a day or so after, on October 1, 1913, Francis Cutting died.

Upon these and other facts hereinafter stated the trial court found that the defendant, Alice M. Cutting, received to the use of plaintiff the sum of one thousand dollars, to be paid to plaintiff when Francis Cutting should die, and gave judgment accordingly.

It is the claim of appellant that the judgment cannot be sustained upon the theory of a gift either *causa mortis* or *inter vivos,* nor upon a trust imposed upon appellant for the benefit of respondent. In this behalf it is argued that the facts do not show a gift *causa mortis,* for the reason that there is no evidence that decedent was in fear or contemplation of death; and as there was no direction when the gift was to take effect, it could neither constitute a gift *inter vivos* nor a trust imposed upon appellant for the benefit of respondent.

It is true that there is no evidence to support the finding that the money was to be paid "when Francis Cutting should die." This portion of the finding, however, is not material, and cannot be made the basis of a reversal. The facts show that the intention of deceased was to make a transfer of a present, immediate, and indefeasible title to the money for the benefit of Heitman. The transfer was full and complete by the payment of the check, and passed from the donor the legal power, dominion, and title over the money beyond his recall or control, and vested in Heitman an immediate title to the fund, with the right to reduce the same into his possession by enforcing the obligation according to its terms.

Nor does the evidence support the claim that the trust was never accepted by appellant. Aside from the fact that equity will never allow a trust to fail for want of a trustee, appellant by her conduct indicated her willingness to act, and the evidence further shows that the relation she assumed was subsequently acknowledged by her. The absence of positive testimony that the trust was accepted can avail her nothing. Her silence was a tacit agreement to comply with the request. To stand mute under such circumstances is equivalent to consent. (*Becker* v. *Schwerdtle,* 141 Cal. 386, [74 Pac. 1029].)

From what we have said it follows that the evidence clearly shows the character of obligation imposed upon appellant regarding the money and the purpose for which it was given, and fully supports the conclusion of the trial court that she received the sum for the use and benefit of plaintiff.

Judgment affirmed.

Beasly, J., *pro tem.,* and Zook, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 13, 1918.