[Civ. No. 3565.  First Appellate District, Division One.—December 21, 1920.]

FLORENCE NORTON, Administratrix, etc., Appellant, v. ELLEN NORTON et al., Respondents.

[1] TRUST—PERSONAL PROPERTY—PAYMENT OF MONEY—CARE DURING LIFE — SETTLEMENT OF FUNERAL EXPENSES — RETENTION OF REMAINDER.—Where a sum of money was paid by the owner thereof to his brother's wife under an agreement that she was to take care of him while he lived, and pay out of such sum his funeral expenses and a certain amount to a minister and have the balance remaining at his death as her own, there was a valid trust of personal property established, which, having been fully performed, entitled the wife to such balance.

APPEAL from an order of the Superior Court of Santa Clara County denying a motion to vacate a judgment. P. F. Gosbey, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. C. Black for Appellant.

S. G. Tompkins for Respondents.

KERRIGAN, J.—The plaintiff, as administratrix, brought this action to recover from the defendants, who are husband and wife, the sum of $1,000, claimed to be the property of the estate of Reuben D. Norton, deceased. The defendants alleged, and the court found, that the defendant Ellen Norton took said sum pursuant to the terms of a trust to care for Reuben D. Norton until his death, make certain expenditures in his behalf, and retain the remainder to her own use and benefit. Judgment was accordingly entered for the defendants. The plaintiff thereupon made a motion to vacate and set aside the judgment, and for judgment for the plaintiff, which was denied. This appeal is from the order denying the motion.

We see no merit in the appeal. On or about July 12, 1917, Reuben Norton, then being in feeble health, entered into an agreement with his brother William Norton, that if William would take care of him while he lived, Reuben would turn over to him the sum of $1,000, it being agreed that William should pay to Mr. Meyer, a minister, the sum of $100, and should pay such expenses as might be incurred in the care of Rueben, and, upon his death, should discharge his funeral bill, and that William should keep for himself for his trouble any balance that might remain at Reuben's death. The money was then actually paid over to William, who looked after Reuben for a short time. As William lived in Placer County and Reuben in San Jose, it seemed that a better arrangement could be made. Accordingly, Reuben, William, and Mrs. Ellen Norton, one of the defendants and wife of J. A. Norton, the other defendant and a brother of Reuben, talked the matter over and it was agreed that Mrs. Norton should look after Reuben and take William's place; that she was to take care of Reuben and pay

Reverend Meyer; that she was also to pay any expense necessary in the care of Reuben, and the funeral bill, and that "she should have for her own any balance that remained at Reuben's death." William then paid the $1,000 over to Mrs. Norton, who took Reuben into her home and cared for him until his death in the October following. She paid Reverend Meyer the $100, and also paid the sum of $242.14 for the expense of Reuben's last illness and funeral, leaving a balance in her hands of $657.86. [1] The foregoing is all the testimony taken in the case, and was sufficient to establish a valid trust of personal property, which having been fully performed, entitled the defendants to the judgment which was entered in their favor. (*Hellman* v. *McWilliams,* 70 Cal. 449, [11 Pac. 659]; *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19, [54 Pac. 370]; *Heitman* v. *Cutting,* 37 Cal. App. 236, [174 Pac. 675].)

The order appealed from is affirmed.

Richards, J., and Bardin, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1921.

All the Justices concurred.