[S. F. No. 11582. In Bank.—July 8, 1927.]

## RICHARD RICHARDSON, Respondent, v. ERROL MARSHALL et al., Appellants.

[1] PROMISSORY NOTES—EXECUTION—FEAR AND DURESS—EVIDENCE.— In this action upon a promissory note, in which it is claimed by the defendants that the note was executed through fear and duress, it is held that the evidence does not sustain the charge.

[2] ID. — FINDINGS — EVIDENCE — APPEAL.—It is elementary that the supreme court will uphold the findings of a trial court when it is satisfied substantial evidence exists to support them.

[3] ID.—NOTE COLLATERAL TO JUDGMENT—NEGOTIABILITY.—In such a case, where the note recited that it was given as collateral to a judgment, if this fact rendered it non-negotiable, it was immaterial, where the note was not transferred.

[4] ID.—SATISFACTION OF JUDGMENT.—In such a case, where the judgment on which the note was given as collateral was satisfied for the special benefit of the makers of the note, with the understanding that the payee would thereafter rely upon the note alone for repayment of the principal obligation, the makers cannot avoid liability by contending that the note was canceled by the entry of satisfaction of the judgment.

(1) 8 C. J., p. 1053, n. 51; 12 C. J., p. 358, n. 33.   (2) 4 C. J., p. 878, n. 82.   (3) 8 C. J., p. 51, n. 22.   (4) 21 C. J., p. 1111, n. 30.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lawrence Sledge for Appellants.

Fry & Wood, Green Majors and Charles Quayle for Respondent.

PRESTON, J.—This appeal presents for determination merely a disputed question of fact. Respondent sued to recover from appellants a balance of $2,046.85, plus interest and a $250 attorney fee, due him on a promissory note. Appellants' answer alleged fear and duress in obtaining

2. See 2 Cal. Jur. 918; 2 R. C. L. 193.

said note, but the trial court found that it had been given freely and voluntarily, and without any duress which would operate to defeat their liability thereon.

The facts are substantially as follows: Respondent procured a judgment against defendant Errol Marshall in the sum of $4,000, upon which execution was taken out and levied against the property and business of said defendant. Said defendant thereupon filed a voluntary petition in bankruptcy and was regularly adjudged a bankrupt by the United States district court. With the various other creditors, respondent filed his claim, based upon the above-mentioned judgment. In furtherance of an attempted settlement with creditors, at the conclusion of the bankruptcy hearing, appellants signed a note for $4,200, payable to respondent, this being the full amount of his judgment and claim, upon the understanding that as soon as the assets of the bankrupt were apportioned and paid to creditors, respondent would credit the note with the amount received as his *pro rata* of said assets, and would accept a new note for the balance remaining due. Several months later this was done and the new note then executed is the basis of this action.

Said appellant Errol Marshall made the regular payments called for by the said note, and further made an advance payment of $500, in return for which, at his request, respondent entered of record a satisfaction of the original judgment. Thereafter said appellant continued his regular payments on said note until some time in 1922, when this respondent brought an action against him for default as to one $50 payment then overdue. In that case the court found that default as to said installment had been waived and gave judgment for the defendant (appellant here). Thereafter said appellant continued making payments in accordance with the provisions of the note until February 1, 1924, the balance due having by that time been reduced to $2,046. He then refused to make further payments and this action was instituted.

It is to be noted that at the time of the first suit, the suit based upon default as to one $50 payment, all the defenses open to appellants here were then available, but nevertheless no claim of duress, menace, or fraud was advanced by them; on the contrary, in their answer in that suit they alleged

that they had paid all sums due to date and were able, ready, and willing to continue making payments upon said note as they fell due, and, as above stated, they did thereafter continue said payments.

[1] The testimony taken at the above-mentioned bankruptcy proceeding was read into the record here in an attempt to show said note was executed and delivered to respondent through fear, coercion, threats of arrest, fear of imprisonment, and fear of being indicted for perjury, exercised by respondent, his agents and attorneys, and W. J. Hayes, the United States referee in bankruptcy for Alameda County, before whom the hearing was held. This claim is utterly without foundation. The record does show that the referee in bankruptcy considered filing a perjury charge against appellants by reason of the apparent fact that their testimony was not given in a straightforward and honest manner, but there is no possible connection between such remarks of the referee and the claim of this respondent, nor can it be said that any abuse of discretion or any coercion on the part of said referee is shown.

The agreement with respondent was decidedly beneficial to appellants, and the notes were executed for the very purpose of aiding them by an extension of time to untangle their financial snarls. It was made at their solicitation, as the thing they most needed was a satisfaction of the judgment of record against them.

[2] Furthermore, as above stated, the trial court found all of the allegations made by appellants to be untrue, and it is elementary that this court will uphold the findings of a trial court when it is satisfied substantial evidence exists to support them (2 Cal. Jur., sec. 542, p. 918 et seq.; 19 Cal. Jur., sec. 189, p. 1060 et seq.).

[3] Appellants advance the theory that inasmuch as the note recited that it was given as collateral to a judgment, such recital rendered it non-negotiable and a mere pledge, which was canceled by the entering of the satisfaction of judgment. The note was not transferred; hence, if such a clause rendered it non-negotiable, that fact is immaterial. Appellants continued to make payments upon it long after the judgment was satisfied. [4] The satisfaction was entered for their special benefit, with the understanding that respondent would thereafter rely upon the note alone for

repayment of the principal obligation. Appellants cannot invoke the aid of respondent and then plead such act to his injury, and it requires but the bare statement of the facts to show that this point is without merit and unworthy of serious consideration.

Judgment affirmed.

Waste, C. J., Curtis, J., Langdon, J., Shenk, J., and Seawell, J., concurred.