[Sac. No. 1001. Department Two.—December 22, 1903.]

DOROTHEA BECKER, formerly Dorothea Schwerdtle, Appellant, v. JOHN GEORGE SCHWERDTLE, Respondent.

TRUST—CONFIDENTIAL RELATION—MOTHER AND SON—PLEADING—SUFFICIENCY OF COMPLAINT—ACTUAL FRAUD.—In an action to enforce a trust in real property, and to compel a conveyance, a complaint showing the confidential relation of mother and son between the parties, and that the deed was delivered by an aged mother to her son in expectation of her death, and upon the special trust and confidence reposed in him that in case of her recovery he would pay her twenty dollars per month for her support, which he fraudulently induced her to believe that he would do, and that when the deed was delivered he did not intend to pay said sum for her support, and wholly refused to do so, and claimed to own the property, which was of the rental value of sixty dollars per month, states a cause of action for relief on the ground of actual fraud, within the rule of *Brison* v. *Brison*, 75 Cal. 527.[1]

ID.— UNCERTAINTY — WANT OF EXPRESS PROMISE — SILENCE — TACIT AGREEMENT—CONSENT TO CONDITIONS OF DELIVERY OF DEED.—The complaint is not demurrable for uncertainty because the complaint does not allege an express promise by the defendant to make the monthly payments requested by the defendant's mother. It is sufficient that the averment of all the facts connected with the delivery of the deed show a silent acceptance of it under circumstances which made the silence equivalent to a tacit agreement and consent to the conditions which accompanied the delivery of the deed.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

---

[1] 7 Am. St. Rep. 189.

A. L. Shinn, for Appellant.

The complaint states a cause of action for actual fraud growing out of confidential relations. (*Brison* v. *Brison,* 75 Cal. 525;[1] S. C., 90 Cal. 323; *Hays* v. *Gloster,* 88 Cal. 560; *Butler* v. *Hyland,* 89 Cal. 577; *Ross* v. *Conway,* 92 Cal. 632; *Jackson* v. *Jackson,* 94 Cal. 446; *Hayne* v. *Herman,* 97 Cal. 250; *White* v. *Warren,* 120 Cal. 322; *Odell* v. *Moss,* 130 Cal. 352; *More* v. *More,* 133 Cal. 489; Civ. Code, sec. 2235; 2 Pomeroy's Equity Jurisprudence, secs. 955-958; 1 Story's Equity Jurisprudence, sec. 307; Beach on Trusts and Trustees, secs. 105, 106.)

White & Seymour, for Respondent.

The complaint does not state a cause of action. (Civ. Code, sec. 1040; *Tillaux* v. *Tillaux,* 115 Cal. 663, 667-669; *Smith* v. *Mason,* 122 Cal. 426; *Soberanes* v. *Soberanes,* 97 Cal. 140; *Downing* v. *Rademacher,* 133 Cal. 220;[2] *Earle* v. *Chance,* 12 R. I. 374.) In the cases cited by the appellant there was an express agreement made with intent to deceive, which is wholly lacking in this case. The allegations of the complaint are uncertain. (*Sheehan* v. *Sullivan,* 126 Cal. 189.)

LORIGAN, J.—The lower court sustained a demurrer to the second amended complaint in the above action, without leave to amend. A judgment of dismissal was thereupon entered, and plaintiff appeals.

The action was brought to have a trust declared as to certain real property, and to compel a conveyance.

The complaint sets forth that plaintiff and defendant are mother and son, the former aged sixty years, the latter thirty-six; that the most confidential relations always existed between them, plaintiff reposing the greatest confidence in her said son, advising with him in all her business affairs, and believing that he would deal justly and fairly with her in all matters. That on September 2, 1898, she was the owner of certain real estate in Sacramento and Placer counties, of the value of four thousand dollars, and on that date, in harmony with a desire she always entertained that the defendant should

---

[1] 7 Am. St. Rep. 189.     [2] 85 Am. St. Rep. 160.

have all her property at her death, made and acknowledged a deed in his favor, intending to place the same in escrow, to be delivered to him on her demise. This was not done, however, and she retained it in her possession. Thereafter, on March 31, 1899, plaintiff, becoming very ill, and being enfeebled in mind and body, fully believing that she would never recover from such illness, and that she had but a few days to live, and placing every trust and confidence in the defendant, and desiring him to have all her property on her death, and without seeking or obtaining advice from any person, and in expectation of impending death, delivered said deed to defendant, transferring to him all her property. That, at the time she delivered such deed, she stated to defendant that, in case of her recovery, she would expect him to pay her twenty dollars per month for her support; that defendant did not say whether or not he would comply with said request, but having great trust and confidence in him she believed he would comply with it; that the consideration mentioned in said deed (love and affection and better maintenance, support, protection, and livelihood of defendant) was not the true consideration thereof, but the only consideration was the trust and confidence plaintiff reposed in defendant, together with the desire that he should have all of her property at her death; that she would not have delivered such deed had she not believed that she had but a short time to live, and but for the trust and confidence she reposed in her said son; that contrary to her expectation she recovered from said illness, but at all times since has been in ill-health, and without adequate means of support; that she has requested defendant to pay her said twenty dollars a month for her support, but he has refused to do so. She further avers that when said deed was delivered the defendant did not intend to comply with her request to pay said twenty dollars a month in case of her recovery, but, by accepting said deed and by his silence, fraudulently induced her to believe that her request would be complied with; that he now claims to own said property, is in possession of it, and that the value of the rents and profits thereof is sixty dollars a month.

The complaint was demurred to on many grounds, and sustained generally, and it is particularly urged by respond-

ent on this appeal that the allegations of the complaint are insufficient to warrant the interposition of a court of equity, and that the demurrer was properly sustained for that reason alone.

We cannot agree with this claim. We think the allegations made out a case within the doctrine announced in *Brison* v. *Brison*, 75 Cal. 527,[1] and approved in subsequent cases.

In fact, it appears that the complaint in the case at bar is principally modeled after the complaint in that action, and in the light of that decision.

While it is claimed by the appellant that the complaint sufficiently states a cause of action for both constructive and actual fraud, it is evident that it was framed to particularly charge actual fraud; such fraud consisting in the making of the promise under which the deed was delivered, without any intention of performing it, and coming within the provision of the Civil Code declaring that a promise made without any intention of performing it constitutes actual fraud.

*Brison* v. *Brison* deals fully with this provision of the code, in cases where confidential relations exist, and where, springing from that relationship, and as the consideration therefor, a conveyance is made under an agreement, which at the time it is made is not intended to be performed by the grantee.

That was an action brought by a husband to set aside, for actual fraud, a conveyance made to his wife, the fraud alleged being that the promise made by her upon which he delivered the deed was in bad faith and false, and "made with intent on her part to deceive and did deceive" him. The lower court in that case, as in this, sustained a demurrer to the complaint, and on appeal this court in reversing such order and holding the complaint sufficient, said: "We think there was actual fraud. As above stated, the complaint shows that the parol promise upon which plaintiff relied was false and 'in bad faith,' and 'made with intent to deceive.' The construction which we think must be given to this averment is, that the promise was made without any intention of performing it. This is a well-recognized species of fraud. (See Bigelow on Fraud, pp. 483, 484; *Sandfoss* v. *Jones*, 35 Cal.

[1] 7 Am. St. Rep. 189.

481, 482.) And the Civil Code expressly provides that '*Actual fraud* . . . consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract. . . . *A promise made without any intention of performing it.*' (Civ. Code, sec. 1572.) Now, inasmuch as it is admitted by the demurrer that the promise was made without any intention of performing it, we think the case falls directly within the provision. An instance of the application of the principle to facts similar to those of the case before us is *Newell* v. *Newell,* 14 Kan. 202. It is to be observed of this ground that the essence of the fraud is the existence of an intent at the time of the promise not to perform it. But for such intent there would be no actual fraud. For it is well settled that the mere failure to fulfill a promise is not fraud. . . . But if the evil intent existed, there was actual fraud, and so far as this ground is concerned, it is immaterial whether there was a confidential relation or not. . . . Nor is it necessary to consider what would be the rule in cases where it appears that there was in fact no actual confidence between the parties—that is to say, where the wife is living in independence of or in hostility to the husband. (See *Falk* v. *Turner,* 101 Mass. 496.) For it is averred that the plaintiff 'had at all times confidence in his said wife and her devotion and fidelity to him,' and that he made the deed 'having confidence in his said wife, and in her said representation and promises, and relying upon the same.'

"The relation of the parties to each other, therefore, was confidential in fact, as well as in law. The plaintiff was induced to make the deed by the confidence which he had in his wife, and the belief thereby engendered that she would perform her promise. But for that he would not have made it." (*Brison* v. *Brison,* 75 Cal. 527, 529.[1])

In the complaint now under consideration there are sufficient allegations showing the trust and confidence reposed in plaintiff by defendant, springing from the relationship of mother and son; his promise to her upon which she relied, and had a right to rely, when she delivered him the deed, and

---

[1] 7 Am. St. Rep. 189.

which she delivered solely on acount of the trust and confidence reposed in him; his failure to keep such promise, and the further averment that when he made such promise and accepted the deed he had no intention of keeping the promise; and these allegations, tested under the rule laid down in *Brison* v. *Brison,* appear to be entirely sufficient.

The cases of *Newman* v. *Smith,* 77 Cal. 26; *Nordholt* v. *Nordholt,* 87 Cal. 552,[1] and *Hay* v. *Gloster,* 88 Cal. 565, are in harmony with *Brison* v. *Brison.*

Respondent relies on the cases of *Tillaux* v. *Tillaux,* 115 Cal. 667; *Smith* v. *Mason,* 122 Cal. 426; *Soberanes* v. *Soberanes,* 97 Cal. 140, and *Downing* v. *Rademacher,* 133 Cal. 220.[2] But these have no application to the case made under the complaint. Nor have the cases cited from other jurisdictions.

In the Tillaux case no question of actual fraud was involved, and the facts show that there were no confidential relations upon which constructive fraud could be predicated. In *Smith* v. *Mason* the suit was not brought by the grantor, but by contending heirs after his death, and no question of fraud arose in the case. In *Soberanes* v. *Soberanes* no violation of confidential relations was shown, and actual fraud was not involved. *Downing* v. *Rademacher* is inapplicable for like reasons.

Counsel for respondent also contends that the lower court was warranted in sustaining the demurrer upon other grounds; that there is an improper joinder of causes of action, and that the complaint is uncertain in some particulars. We do not think these points possess any merit.

One element of uncertainty claimed by respondent is, that it does not appear from the complaint that the defendant ever promised to comply with the request of plaintiff made at the time the deed was delivered to him. The plaintiff, however, undertakes to aver in her complaint all that took place at that particular time; the request, the accompanying delivery, and the acceptance of the deed without response. Such acceptance under these circumstances, by defendant, was a tacit agreement to comply with the request which accompanied the delivery. Silence under such circumstances is equivalent to

[1] 22 Am. St. Rep. 268.       [2] 87 Am. St. Rep. 160.

consent. If he did not choose to accept the deed under the terms of confidence reposed in him, it was his duty to have said so. Accepting it in silence, he is deemed to have agreed to whatever conditions accompanied the delivery.

The judgment is reversed, with directions to the lower court to overrule the demurrer to the complaint, with leave to defendant to answer.

McFarland, J., and Henshaw, J., concurred.