[Civ. No. 6402. First Appellate District, Division Two.—February 28, 1929.]

BANK OF ITALY, Executor, etc., Appellant, v. A. ZERGA et al., Respondents.

O'Gara & De Martini for Appellant.

Richard Fitzpatrick for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendants basing its claim on a promissory note. The defendants appeared and answered. A trial was had in the trial court before the court sitting without a jury. The court made findings of fact in favor of the defendants and from a judgment entered thereon the plaintiff has appealed and has brought up a bill of exceptions.

Plaintiff's testator, James F. Fugazi, for many years had been a broker engaged in acting as the agent of different transportation companies. Before 1914 he had been associated

with certain members of his family. Still later he became associated with one of the defendants, J. F. Bulotti. In the spring of 1920 Fugazi and Bulotti commenced negotiations with the defendant A. Zerga looking toward the formation of a contract of copartnership including the three. Prior to 1914 the Fugazi Company had been on the pay-roll of certain railroad corporations as agents drawing fixed salaries. During the federal administration of the railroads that arrangement did not exist. In May, 1920, Mr. Fugazi expected that the arrangement could be and would be renewed. Relying on those expectations he stated to the defendant Zerga that the paid contracts of agency would certainly be renewed in the immediate future. At the time of the negotiations the parties estimated a one-third interest, as the books then stood, as of a value of $5,000; but if the paid agency should be obtained there was a clear additional value of $3,000. Thereafter articles of copartnership were drawn up and executed by all of the parties. The document is not an unusual set of articles of copartnership. It recites that they have associated themselves ''for the purpose of carrying on a steamship and general brokerage and exchange business and selling tickets, fares and other evidences of transportation from and between the city and county of San Francisco, state of California, and elsewhere, to and from other parts of the world passenger tickets, . . . '' The document does not purport to enumerate any of the clients of the copartnership. At about the same time the defendant Zerga executed and delivered his note to Fugazi and Bulotti in the sum of $5,000, payable within one year and bearing interest at six per cent. He also executed and delivered to the same persons his note in the sum of $3,000, without interest, payable May 2, 1922. The last-mentioned note is the subject of this action. In the complaint it is recited that as J. F. Bulotti does not consent to become a plaintiff he is made a defendant.

The plaintiff asserts that the defendants attempted to alter the terms of the written articles of copartnership by introducing parol evidence of the facts hereinabove recited. The point is not well taken. The articles of copartnership did not even purport to recite the names of the clients of the copartnership nor the factors making up the partnership business. The evidence introduced showed that

at the time the copartnership was formed the former members confidently expected to execute, in the immediate future, a lucrative contract of agency with railroad companies which would bring to each member of the copartnership $3,000 or more per annum; that they based their computations on those expectations; but that those expectations were wholly dispelled by subsequent events. The evidence was admissible and did not violate any rules regarding parol evidence. It was on matters related, but collateral, to the articles of copartnership and as such it was admissible. (*Whittier* v. *Home Sav. Bank,* 161 Cal. 311, 317 [119 Pac. 92].)

Still claiming that, under the facts, the oral evidence was incompetent and was improperly received, the plaintiff claims that it should be disregarded by this court. As we have shown it was not incompetent, and we need not dwell further on this point.

Finally, the plaintiff asks us to take judicial notice of the fact that the federal government surrendered control of the railroads March 1, 1920, and therefore the testimony of the defense was not true. ▮ Whether it was true or false was a question addressed to the trial court, and its determination on conflicts will not be disturbed by a court of review.

We find no error in the record. The judgment is affirmed.

Buck (G. F.), P. J., *pro tem.,* and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 28, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1929.

All the Justices present concurred.