[L. A. No. 11295.  In Bank.—September 28, 1931.]

EMMA B. LOUD, Respondent, v. A. F. LUSE et al., Appellants.

Rupert B. Turnbull and James R. Jaffray for Appellants.

Haight, Mathes & Sheppard and W. C. Mathes for Respondent.

SEAWELL, J.—Defendants appeal on the judgment-roll from a judgment decreeing the cancellation of a deed by which plaintiff conveyed real property in the city of Glendale, county of Los Angeles, to defendant A. F. Luse in reliance on the fraudulent promise of said defendant to cause to be conveyed to her in exchange therefor valuable oil lands in the state of Texas. The judgment also directed defendant Luse to restore to plaintiff the sum of $2,500 paid by her to consummate the transaction, and to deliver up for cancellation a promissory note executed by plaintiff in favor of defendant in the sum of $500, or pay the amount thereof in the event he should fail to surrender the note in thirty days. The other defendants are grantees of defendant Luse, found by the court to have taken with notice of the fraud affecting Luse's title and without paying value, and as such were proper parties to the action. (*Raynor* v. *Mintzer*, 67 Cal. 159 [7 Pac. 431].)

Since the appeal is on the judgment-roll alone, it must be presumed that the evidence supports the findings of fact. The facts of the fraudulent transaction are amply set forth in the findings.

Defendants' contention that the judgment must be reversed for inconsistency in the findings on a material issue cannot be upheld. Plaintiff instituted two separate actions, which were consolidated for trial. Except as to the relief prayed for, the complaints are substantially identical. Both set forth in detail a cause of action for rescission and cancellation based on fraudulent representations which induced plaintiff to part with valuable property without receiving value therefor. The amended com-

plaint in the first action is entitled complaint to quiet title and for cancellation, and seeks recovery of the land conveyed to defendant. In the other action, entitled complaint for rescission and cancellation, plaintiff prays for recovery of said land and also for a return of the $2,500 paid to defendant and for surrender of the note in his favor. Plaintiff could obtain all relief to which she was entitled in one action. The complaints set forth a single cause of action. Although denominated an action to quiet title, the object of the action first filed was to secure a rescission and cancellation of plaintiff's deed which transferred title to defendant Luse.

The allegation in the complaints that plaintiff then was and since June 1, 1920 (which was prior to the transaction set forth) had been the owner of the property conveyed to Luse, is a legal conclusion at variance with the rule that a conveyance obtained by fraud is not void, but passes title to the grantee subject to a right of avoidance by the grantor. Said allegation does not vitiate the complaint, which is complete without it. The same conclusion is carried into the findings, which, however, also find probative facts sufficient beyond question to support a judgment for rescission. A finding of ultimate fact or a legal conclusion clearly based on findings of probative facts requiring a different conclusion is invalidated by the probative facts found (*Hammond Lumber Co.* v. *Barth Inv. Corp.*, 202 Cal. 601 [262 Pac. 29].) *Henry* v. *Phillips*, 163 Cal. 135 [Ann. Cas. 1914A, 39, 124 Pac. 837], cited by appellants, is not to be construed as holding that a deed procured by fraud and resulting in failure of consideration does not transfer title and is void absolutely, but rather that it is void in the sense that it will be annulled whenever fraud is shown in a proper action.

Defendants' objection to the form of the judgment is well taken. The right to rescind is conditional upon the party who rescinds restoring everything of value which he has received in the transaction. (*Henry* v. *Phillips, supra; Campbell* v. *Kennedy*, 177 Cal. 430 [170 Pac. 1107]; 4 Cal. Jur. 764, 797.) Plaintiff makes no claim to retain anything received by her. In her complaint she alleged that to her knowledge she had received nothing of value. In her notice of rescission she offered to restore everything

received by her. The only finding on the point is that defendant A. F. Luse executed and caused to be filed for record five separate instruments "purporting" to transfer to plaintiff either lands in Texas and New Mexico or rights under oil and gas and mineral leases. Although the use of the word "purporting" lends substance to the claim that said finding is, in effect, a finding that plaintiff received nothing, the direction in the judgment that under certain circumstances plaintiff reconvey and reassign to defendant Luse all interest received by her under said instruments, compels the conclusion that such reconveyances are of value to defendant Luse and should be a condition of rescission.

The judgment requires plaintiff to execute said reconveyances only upon condition that Luse, *within thirty days,* restore the sum of $2,500 and the promissory note for $500, or pay the amount thereof, and deliver up for cancellation all writings ordered to be canceled. The provisions of the judgment in plaintiff's favor are absolute, not conditional. The result is that unless defendant Luse fully satisfies the judgment within thirty days, plaintiff recovers the land conveyed to defendant, with the right to the process of the court to enforce the judgment for $2,500 and for the return of the note, without being required to restore to Luse whatever rights she may have acquired under the deeds to her.

The judgment may be modified by this court to cure the defect. In so far as the conclusions of law filed in the court below are inconsistent with the judgment as hereinafter modified, they are set aside. The judgment for plaintiff for the amount of the note in the event that defendant Luse shall fail to surrender it to her is necessary to protect her adequately in case the note has passed into the hands of a *bona fide* purchaser to whom she is liable.

The judgment is hereby modified as follows: All portions following the preliminary recitals are stricken out, and the following is inserted in place thereof:

It is hereby ordered, adjudged and decreed as follows:

Upon plaintiff depositing with the clerk of the Superior Court of Los Angeles County, within thirty days after the going down of the *remittitur* herein, an instrument or instruments conveying and transferring to defendant A. F. Luse, free and clear of any lien or encumbrance made by

plaintiff, all right, title and interest received by her under the five instruments of transfer described in finding VI, then:

(1) Judgment shall be entered canceling and annulling the deed to property in the city of Glendale, county of Los Angeles executed by plaintiff in favor of defendant Luse; canceling and annulling the deeds executed by defendant Luse and Mary E. Luse, his wife, to defendants T. J. Martin and Alice M. Boyden, each covering a portion of said property; and adjudging that plaintiff is the owner and entitled to the possession of said property, and that none of defendants has any right, title or interest therein. Said property is described as follows: Lots one (1), two (2), four (4) and five (5) of Tract No. 986, as per map recorded in Book 16, page 149 of Maps, Records of Los Angeles County.

(2) Defendant A. F. Luse shall be allowed thirty days after the deposit by plaintiff of the instruments of reconveyance referred to above with the clerk of the court to pay to said clerk, for plaintiff, the sum of $2,500, with interest thereon from September 30, 1927. If said defendant shall fail to make payment within the time allowed, then judgment shall be entered that plaintiff recover of said defendant said sum of $2,500, with interest from September 30, 1927.

(3) Judgment shall be entered canceling and annulling the promissory note for $500 made by plaintiff, dated September 1, 1927, and payable one year after date to the order of defendant A. F. Luse, and directing said defendant to surrender said note to the clerk to be by him canceled and delivered to plaintiff. Said judgment shall provide that if defendant Luse shall fail to surrender said note to the clerk within thirty days from the deposit by plaintiff with said clerk of an instrument or instruments of reconveyance, as set forth above, then plaintiff shall have and recover of him the sum of $500, with interest from September 1, 1927, to date of payment.

Upon defendant A. F. Luse performing all terms of paragraphs 1, 2 and 3, the clerk of said court shall deliver to him the deed or deeds of reconveyance executed by plaintiff and deposited with said clerk.

As thus modified, the judgment is affirmed. For the reason that this appeal involves no question of any sub-

stantial merit other than the matter as to the form of the judgment, and the further fact that the record indicates that respondent has never made any claim to retain anything received by her and that appellant Luse could have secured a reconveyance upon request of respondent without resorting to an appeal, which served only to delay respondent's securing the fruits of her judgment, appellants should not be allowed costs upon this modification upon appeal. It is therefore ordered that respondent recover costs on appeal.

Shenk, J., Langdon, J., Curtis, J., Preston, J., and Waste, C. J., concurred.