[Civ. No. 8528. First Appellate District, Division One.—September 27, 1932.]

MARTIN BENSON et al., Appellants, v. M. F. HAMILTON et al., Respondents.

John C. Scott for Appellants.

Frank O. Nebeker for Respondents.

THOMPSON (GEORGE H.), J., *pro tem.*—In October, 1928, the plaintiff Martin Benson and the defendant F. J. White, each being then the owners of certain interests in real property, orally negotiated on certain terms (questions as to whether these terms embraced certain promises on the part of F. J. White and if such promises were made whether they were made without any intention of performing them have given rise to this action) an exchange of their properties. The properties were encumbered, the encumbrances taking different forms. As the result of such oral negotiation, deeds and transfers were on October 27, 1928, executed and delivered by the respective parties, and with the object of equalizing the values of the properties exchanged, Martin Benson made and delivered to F. J. White a promissory note payable in thirty days for $250. At the time of the

said negotiation there were on the property of White certain special improvements or equipment consisting of a gastank, a pump, a power saw, pipe, wire and electrical fixtures that White had been making a special use of, and also on this property there was interest due in the amount of $50.49, and a personal property tax, a lien upon the premises, in the amount of $197.02. The negotiation was, as has been remarked, oral. Plaintiff Benson claims that White promised he would pay the said interest and taxes and would leave as part of said premises the said special improvements or equipment hereinbefore mentioned. White did not pay either said interest of $50.49 or said taxes of $197.02, and on vacating the premises took with him said equipment, his position being that he had made no such promises as Benson claimed. Benson had one of White's trucks attached under attachment proceedings which he initiated; some feeling ensued; a personal interview failed to adjust matters; and on December 5, 1928, a notice of rescission was served by plaintiff on defendants reading: ''You will please take notice that by reason of your failure to pay Personal Property Taxes appearing on the Tax Bills for the property in the City of Albany you caused to be conveyed to us on the 27th day of October, 1928, and likewise by reason of your failure to pay interest on the respective loans and contract due and accrued to October 27, 1928, we hereby rescind all transactions we had in relation to the exchange of properties and demand that you convey back to us the lands deeded to you and situated in Stanislaus County, California, and return to us the note for $250.00; and we hereby offer to you a deed for the property conveyed to us situated in Albany, California, and also to reassign to you the contract of purchase and sale of certain other lots. The description of all of said property is fully and completely known to you.''

Thereafter the plaintiffs brought this action for fraud, predicated upon the proposition of a promise made without any intention to perform, and asked for judgment and decree that the said transaction and the said agreement of exchange be declared and decreed to be rescinded, for restoration to plaintiffs, and for return of note, etc. The defendants denied the allegations of plaintiffs' complaint. The case was tried before the court and judgment went for the de-

fendants. On the issues presented by the pleadings, the court (among other things) found: ''4. That plaintiffs were not induced to make said agreement upon any false and/or fraudulent representations of defendants, or either of them. 5. That the allegations of false promises and false misrepresentations on the part of defendants, as alleged in paragraph VII of plaintiffs' amended complaint are not true.'' The trial court concluded that the plaintiffs failed to make out any case for rescission of the contract of exchange and that the plaintiffs were not entitled to take anything.

█ It is, of course, clear that a promise made without any intention of performing it, committed by a party to a contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract, is actual fraud (sec. 1572, subd. 4, Civ. Code), and that when such fraud is established the deceived party is entitled to rescission or other appropriate relief. This doctrine has received exposition in many California cases: *Newman* v. *Smith,* 77 Cal. 22 [18 Pac. 791]; *Hays* v. *Gloster,* 88 Cal. 560 [26 Pac. 397]; *Lawrence* v. *Gayetty,* 78 Cal. 126 [20 Pac. 382, 12 Am. St. Rep. 29]; *Matteson* v. *Wagoner,* 147 Cal. 739 [82 Pac. 436]; *Becker* v. *Schwerdtle,* 141 Cal. 386 [74 Pac. 1029]; *Martin* v. *Lawrence,* 156 Cal. 191 [103 Pac. 913]; *Millar* v. *Millar,* 175 Cal. 797 [167 Pac. 394, Ann. Cas. 1918E, 184, L. R. A. 1918B, 415].

█ In an action predicated on this ground, the *essence* of the fraud is the *existence of an intent at the time of the promise* not to perform it. (*Becker* v. *Schwerdtle, supra,* at p. 390.) The existence of such intent at such time (actual fraud) is always a question of fact. (Sec. 1574, Civ. Code; *Bechtold* v. *Coney,* 42 Cal. App. 563 [183 Pac. 841].)

█ The question presented to the trial court was whether the actual fraud alleged by the plaintiffs had been committed. The transcript discloses that there was conflict in the evidence bearing on this question of actual fraud. The defendants had denied it in their answer, and at the trial as against the testimony of the plaintiff Benson produced testimony to the effect that White had not as a fact undertaken to pay the said interest or the said taxes, that he was given the right to remove the said pipes, gas-tank, pump, wires, etc., and that he acted in good faith as he had

understood the agreement. As to the right to remove the equipment, there was testimony that White, at the time of making the deed, said to Benson: "If I make this deed now . . . I have a tank and a pump out in the back yard, . . . and also I have wires that lead from the back porch to the garage, I have there now, . . . these of course pertain to the trucking business, . . . and I would like to take them off the place when I go"; that Benson said: "You can have them. They will be of no use to me, because . . . I am going to trade the property, and they won't be any good." There was likewise testimony produced that Mrs. White said to the plaintiff Benson that she had an electric light in the kitchen that she had bought, that there were also some flowers, and asked if she could take them, and that plaintiff Benson said: "Yes, you can take anything you want to, Mrs. White." It was of course the province of the court to weigh this testimony and to attach to it its proper value. The credibility of the witness, as well as the weight to be given the testimony, are questions for the trial court. (Sec. 1847, Code Civ. Proc.; *Dunphy* v. *Dunphy*, 161 Cal. 380 [119 Pac. 512, Ann. Cas. 1913B, 1230, 38 L. R. A. (N. S.) 818]; *Rolland* v. *Porterfield*, 183 Cal. 466 [191 Pac. 913]; *Dozier* v. *Hillman*, 105 Cal. App. 127, 131 [287 Pac. 116].) Findings of the trial court are to be overthrown on appeal only when they totally lack the support of substantial evidence. (*Dunphy* v. *Dunphy*, *supra*.) In case of a conflict of evidence the decision of the trial court will not be interfered with where there is substantial evidence to support the decision. (*Bank of Italy* v. *Zerga*, 97 Cal. App. 285 [275 Pac. 476]; *Dowd* v. *Joyce*, 85 Cal. App. 377 [259 Pac. 368]; *Estate of Burke*, 198 Cal. 163 [244 Pac. 340, 44 A. L. R. 1341]; *Richardson* v. *Marshall*, 201 Cal. 584 [258 Pac. 47]; *Bank of Italy* v. *Cadenasso*, 206 Cal. 428 [270 Pac. 931, 274 Pac. 536]; *Murray* v. *Tulare Irr. Co.*, 120 Cal. 311 [49 Pac. 563, 52 Pac. 586]; *Rolland* v. *Porterfield*, *supra; McRae* v. *McRae*, 67 Cal. App. 480, 485 [227 Pac. 933].) In this aspect, it cannot be held that the determination of the court was without substantial support in the evidence.

█ It is further contended that as this action is for fraud predicated upon the proposition of a promise made

without any intention to perform it, the finding of the court hereinbefore recited is insufficient; in other words, it is contended that there is no finding made upon the issue of the alleged promises made without any intention of performing them. As against this contention, it seems proper to repeat what has already been said: In an action predicated on this ground, the *essence* of the fraud is the *existence of an intent at the time of the promise* not to perform it. (*Becker* v. *Schwerdtle, supra.*)

In the case of *Lawrence* v. *Gayetty, supra,* where the complaint had averred (p. 128) promises made without any intention of performing them and where the court's finding in connection with such averment was "8. 'That there has been *no false representations, nor fraud,* in fact . . . '" (see p. 130), a like contention was made that the judgment was not supported by the findings (see p. 132); but the Supreme Court said: "It will be noticed that upon the question of fraud the findings are in favor of the defendants. The finding is, that '*there were no false representations nor fraud in fact*'. This effectually disposes of that branch of the complaint." It would therefore seem that the finding of the trial court attacked herein is sufficient. As against such a finding as the trial court made, there could be no fraud. We think that the findings of the court should be held sufficient to dispose of the issues tendered by the plaintiffs.

No error sufficient to warrant reversal appearing in the record, the judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.